**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Norman Bill FLOYD, Defendant-
Appellant.**

**No. 72–1114.**

United States Court of Appeals,
Ninth Circuit.

July 3, 1972.

Rehearing Denied Aug. 11, 1972.

Thomas W. O'Toole (argued), Tom Karas, Phoenix, Ariz., for defendant-appellant.

Thomas N. Crowe, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before HAMLEY and GOODWIN, Circuit Judges, and McGOVERN, District Judge.*

PER CURIAM:

Appellant and one Charles Gomez were charged with violating the Dyer Act (18 U.S.C. § 2312), transporting a stolen motor vehicle in interstate commerce, knowing that it had been stolen. Mr. Floyd was tried alone and convicted. He appeals from the judgment and sentence entered upon the verdict of guilt.

In his first assignment of error, appellant alleges that there was insufficient evidence to prove that he had actively participated in the interstate transportation of the stolen vehicle. The trial court concluded otherwise, and so do we.

The evidence adduced at trial showed that a 1962 Chevrolet pickup truck, the property of Mr. and Mrs. Roger L. Frederick, was stolen from the driveway of their home in San Ysidro, California some time between 5:00 p. m., March 27, 1970, and the following morning. The appellant and Mr. Gomez were each living in the area of the Frederick ranch at the time of the theft, each was familiar with the ownership of the vehicle, and each had been an authorized passenger in the truck on a different occasion. The Fredericks had not given permission to either Mr. Floyd or Mr. Gomez to take their truck.

The stolen vehicle was recovered on March 28, 1970 in the State of Arizona, approximately 54 miles east of Yuma, at about 7:42 a. m. after it had been overturned in a one-car accident. Only two persons were in the vehicle at the time of the accident: the appellant was

* The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

found unconscious lying partly out of the cab of the truck, and Mr. Gomez was found in the bed of the truck. There was no direct access between the bed and cab sections of the truck, and the partition between the two was still intact.

From these facts, the jury could, and apparently did, find beyond a reasonable doubt that the appellant and Mr. Gomez together stole the truck and transported it to Arizona. Considering the fact that the appellant was found alone in the cab of the vehicle immediately following the accident, it could reasonably be said that he was driving the truck at that time.

■ It is next claimed that the trial court erred when it instructed the jury that possession of property recently stolen, if not satisfactorily explained, is ordinarily a circumstance from which it might draw the inference that the person in possession not only knew it to be stolen property, but that he also transported it. The basis of the argument is not the wording of the instruction as given, but rather that the evidence of possession by the defendant was so tenuous as not to justify the instruction at all. Again, we point out that immediately following the accident, defendant was found alone and unconscious within the cab of the truck. A proper inference to be drawn from that fact is that the defendant was driving the vehicle at the time. There was therefore sufficient evidence to support the giving of the instruction.

■ Appellant's final assignment of error is also directed to the evidence touching upon his participation in the crime. He states that the trial court should not have given the usual aiding and abetting instruction to the jury because there was no evidence to support such instruction. We hold otherwise, for the same reasons as stated in response to appellant's other assignments of error. The evidence would clearly support a jury finding that the defendant wilfully associated himself with the criminal act, wilfully participated in it, and by act and deed tried to make it succeed.

Affirmed.